UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JON TURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 3:13-CV-0736 |
| | ) | JUDGE SHARP |
| CHAD SMITH, individually, | ) | JURY DEMAND |
| DARRELL ALLISON, Sheriff, individually, | ) | |
| and in his official capacity as Sheriff of | ) | |
| Houston County, and | ) | |
| HOUSTON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER No. 1

**I.  Jurisdiction and Venue**

Jurisdiction and Venue are not in dispute.

**II.  Parties' Theories of the Case**

    **1.  Plaintiff's Theory of the Case**

On August 2, 2012, Turley was an inmate incarcerated in the Houston County Jail. On this date, Turley made a comment to the jail staff that the meal that date had meat that was burnt. Defendant Smith became upset that Turley made this complaint. Turley then told Smith about other complaints the inmates had. After hearing these complaints, Smith very loudly called Turley a "snitch", enabling the other inmates to hear the accusation. Due to the close quarters of the inmates, Turley told Smith he was afraid of the other inmates and then dropped down on his knees and put his hands behind his back. Turley also told Smith that he was afraid of him. Turley, while on his knees, began to crawl toward another cell located in another part of the jail.

While Turley was crawling toward the other cell, Defendant Smith grabbed Turley under his arms and slung him across the floor. Turley landed against the wall injuring his right shoulder. At the time of this incident, the morning of August 2, 2012, Plaintiff Turley was not threatening anyone and not resisting any commands of Defendant Smith. Turley was immediately placed in a cell. Once Turley was in the cell he began to experience severe pain in his right shoulder. Turley told the jail guards he was injured and requested medical attention or to see the doctor. This request was refused. The next day, August 3, 2012, Turley again requested medical treatment, but was told to shut up. The unidentified deputy threatened Turley with his fist and again told him to shut up. No medical treatment was given to Turley. On August 6, 2012, Defendant Allison came to the jail and observed Turley's condition. Again Turley requested medical treatment from Allison but nothing happened. Turley remained in this "holding cell" for the next two weeks. And even though he continually requested medical treatment every day, no treatment was ever given him. In fact, he was only given two showers during the whole time he was in the cell. Turley was eventually transferred to the Montgomery County Tennessee jail where he received medical treatment and released. As a result of the excessive use of force used against him by Defendant, Smith, Turley suffered a torn humeral bicep in his right shoulder with severe impingement. The force used against the Plaintiff by the Defendant, Smith, was unwarranted, excessive, unreasonable and unnecessary. Turley was not disobeying Smith's orders, nor was he threatening Smith or resisting him. The force Smith used was excessive and unreasonable and violated Turley's rights to be free from unreasonable use of force by prison guards as guaranteed by the Eighth Amendment to the United States Constitution, said force amounting to cruel and unusual punishment. The Defendant, Allison, exhibited a deliberate indifference to Turley's serious medical condition by refusing to give him access to adequate

2

medical treatment for over two weeks while he was in the Houston County Jail holding cell. Such denial of medical treatment for Turley's serious medical injuries amounted to cruel and unusual punishment in violation of the guarantees provided him by the Eighth Amendment of the United States Constitution and violated his procedural and substantive due process right as guaranteed by the Fourteenth Amendment to the United States Constitution. Houston County has a policy, custom or usage of depriving inmates incarcerated in the Houston County Jail of adequate medical treatment for their serious medical conditions, which exhibits a deliberate indifference to the inmates' serious medical needs.

### 2. Defendants' Theory of the Case

On August 2, 2012, Houston County Sheriff's Deputies Chad Smith and Joe Thomas were in the Houston County Jail cell area talking with inmates about grievances. Inmate Jon Turley was complaining about the meat in that day's meal being hard and inciting the other inmates. Turley began crawling on his knees with his hands behind his back towards the cell door, which was being held open by intern Shelby Largent. Officer Smith told inmate Turley that he was not to go past the cell door, but Turley refused to comply with officer commands and kept moving closer to the door. When Turley moved past the cell door, Officer Smith had to physically remove inmate Turley back into the cell. Inmate Turley required no medical attention, nor were there any signs of injury. Defendants aver that at all times Defendant Chad Smith acted as any reasonable officer would under the facts and circumstances of the situation. Defendant Smith avers that he cannot be liable to Plaintiff because at all times he acted in the course and scope of his discretionary authority and did not violate any clearly established statutory or constitutional right of which a reasonable officer would have known.

3

Case 3:13-cv-00736   Document 8   Filed 10/07/13   Page 3 of 7 PageID #: 28

The Defendants were not deliberately indifferently to the Plaintiff's medical needs. The Defendants aver that they did not act with a deliberate indifference to the Plaintiff and did not ignore a known or serious risk of injury to the Plaintiff. Defendants aver that at all times Defendant Darrell Allison acted as any reasonable officer would under the facts and circumstances of the situation. Defendant Allison avers that he cannot be liable to Plaintiff because at all times he acted in the course and scope of his discretionary authority and did not violate any clearly established statutory or constitutional right of which a reasonable officer would have known.

Defendant Houston County, Tennessee asserts that there is no vicarious liability or respondeat superior theory of recovery against it pursuant to 42 U.S.C. § 1983. Liability under § 1983 may not be imposed on a municipal governmental entity merely because it employed an individual who is alleged to have engaged in some form of unconstitutional conduct. Defendant Houston County, Tennessee denies that any alleged violation of Plaintiff's constitutional rights was caused by or resulted from an official policy or custom of Houston County, Tennessee.

**III.    Schedule of Pretrial Proceedings.**

    **A.    Rule 26(a)(1) Disclosure**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the Initial Case Management Conference.

    **B.    Meeting of Counsel and Parties to Discuss Settlement Prospects**

.

.

.

.

4

**C.   Other Pretrial Discovery Matters**

As determined at the Case Management Conference on **Thursday, September 12, 2013**, this action is set for trial on September 30, 2014.

A Pretrial Conference shall be held September 8, 2014, at 1:30 p.m.

All Discovery shall be completed on or before **April 4, 2014**.  All written Discovery shall be submitted in sufficient time so that the response shall be in hand by **April 4, 2014.**   Discovery-related Motions are due on or  before  April  14,  2014.

5

All dispositive Motions shall be filed on or before **May 16, 2014,** and any response thereto shall be filed on or before **June 17, 2014.** Any reply shall be filed on or before **July 24, 2014.**

The deadline for filing Motion to Amend the Pleadings is January 12, 2014.

.

.

.

There shall be no stay of Discovery pending disposition of any Motions.

.

.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number.

.

On or before **May 2, 2014**, the Plaintiff shall declare to the Defendants (<u>not</u> to file with the Court) the identify of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

On or before **June 6, 2014,** the Defendants shall declare to the Plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

---

[1] No Memorandum in Support Of or in Opposition to any Motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Locale Rules of Court (effective March 1, 1994) relating to Motions for Summary Judgment

6

Any supplements to expert reports shall be filed on or before **July 11, 2014.** There shall not be any rebuttal expert witnesses.

.

.

.

.

It is so **ORDERED.**

**Entered** this _____ day of September, 2013.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

APPROVED FOR ENTRY:

s/s Phillip L. Davidson
Phillip L. Davidson, #6466
Attorney at Law
2400 Crestmoor Road, Suite 107
Nashville, TN 37215
(615) 386-7115

s/s William H. Poland
William H. Poland, #5818
Attorney at Law
408 Franklin Street
Clarksville, TN 37040
(931) 552-2375

s/s Mark Nolan
Mark Nolan, BPR No. 015859
Kathryn W. Olita, BPR No. 023075
Counsel for Defendants
121 South Third Street
Clarksville, Tennessee 37040
(931) 647-1501